IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eli James Torrence,<br><br>  Plaintiff,<br><br>vs.<br><br>Keith Galloway, Lt. Drew Sisco, Brandon N/A,<br><br>  Defendants. | Civil Action No.: 4:14-1988-BHH<br><br>**ORDER AND OPINION** |

Plaintiff Eli James Torrence ("the plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on Defendants Keith Galloway, Lt. Drew Sisco, and Brandon N/A's ("the defendants") motion for summary judgment which was filed on November 23, 2014. (ECF No. 22.) Plaintiff filed no response to the defendants' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers for pre-trial proceedings and a Report and Recommendation. On December 23, 2014, the Magistrate Judge issued a Report and Recommendation in which he recommended that the case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

'The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). As well as inherent authority, this court may *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Plaintiff filed no objections and the time for doing so expired on January 9, 2015. In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note). Plaintiff has failed to comply with this Court's orders. As such, the Court finds that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 14, 2015
Greenville, South Carolina